MAHLON DOUGLAS REED v. STATE OF ARKANSAS

CR 73-99                                    498 S.W. 2d 877

Opinion delivered September 17, 1973

*Henry S. Wilson,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *James W. Atkins,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Reed was convicted of burglary and grand larceny and was sentenced to 15

years in prison upon each charge. For reversal he contends that his confession should not have been admitted in evidence, because the officers who obtained the confession did not fully inform him of his constitutional rights.

That contentiom must be sustained. Before questioning Reed one of the officers read a statement of rights from a printed form, which included this declaration: "You have the right to consult an attorney before making any statement or answering any question, and you may have him present with you during questioning." Reed was also told that the court would appoint an attorney for him if he could not afford one, but the officer readily admitted that by the latter statement he merely indicated to Reed that if he did not have an attorney before he went to trial the court would appoint one for him.

The officer's statement of Reed's rights was fatally defective in that it failed to inform Reed that he was entitled to the services of an appointed attorney at the time of the interrogation. That precise point was carefully explained in *Miranda* v. *Arizona*, 384 U.S. 436 1966):

> In order fully to apprise a person interrogated of the extent of his rights under this system then, it is necessary to warn him not only that he has the right to consult with an attorney, but also that if he is indigent a lawyer will be appointed to represent him. Without this additional warning, the admonition of the right to consult with counsel would often be understood as meaning only that he can consult with a lawyer if he has one or has the funds to obtain one.

* * * *

This does not mean, as some have suggested, that each police station must have a "station house lawyer" present at all times to advise prisoners. It does mean, however, that if police propose to interrogate

a person they must make known to him that he is entitled to a lawyer and that if he cannot afford one, a lawyer will be provided for him prior to any interrogation.

See also *Moore* v. *State,* 251 Ark. 436, 472 S.W. 2d 940 (1971).

Reversed.